UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRYANT KROLL,
      Plaintiff,

v.

CITY OF MILLERSVILLE, TENNESSEE
et al.,
      Defendants.

Case No. 3:25-cv-01461

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

Plaintiff has filed a motion for leave to amend his complaint (Doc. No. 25) and an unopposed motion for a one-day retroactive extension of time to file the motion for leave to amend (Doc. No. 26). Defendants oppose amendment for reasons that are substantively identical to their respective dispositive motions to dismiss (Doc. No. 19) and to strike (Doc. No. 20) the original complaint.

The Court writes briefly here to address the practical problem that it faces with the current posture of the case. The current referral (Doc. No. 33) is for non-dispositive case management only, and the parties have not consented to Magistrate Judge jurisdiction either for the case generally or for the pending dispositive motions specifically. The arguments in opposition to amendment overlap so much with the arguments in favor of dismissing or striking the original complaint that the review required under Rule 15(a)(2), *see Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990) (citations omitted), could create conflicting analysis or be seen as an attempt to rule on the pending dispositive motions. *See, e.g., Jones v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:21-CV-00112, 2021 WL 6499978, at *2 (M.D. Tenn. Sept. 15, 2021) (allowing amendment where "each Defendant has already filed a Motion to Dismiss and

believes dismissal is appropriate even if [plaintiff's] Motion for Leave to Amend is granted");

*Schreiner v. United Healthcare Ins. Co.*, No. 3:19-CV-00094, 2019 WL 13159888, at *2 (M.D. Tenn. June 13, 2019) (allowing amendment where "reliance on futility as grounds for denying the motion for leave to amend would essentially be ruling on the underlying Motion to Dismiss as well"). Judicial economy dictates that the better course is to allow plaintiff's proposed amendment, with the understanding that defendants can ask the District Judge for permission to update their motion papers as they see fit. *Cf. Lauren v. PNC Bank, N.A.*, No. 2:14-CV-0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) ("At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").

For the foregoing reasons, plaintiff's motions for leave to amend the complaint (Doc. No. 25) and for a retroactive extension (Doc. No. 26) are GRANTED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

2