UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYANT KROLL,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MILLERSVILLE, et al.,<br><br>Defendants. | Case No. 3:25-cv-01461<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is a motion by Defendants Phil Williams, Levi Ismail, and Scripps Media, Inc. ("News Channel 5 Defendants") to stay discovery pending the outcome of their motion to dismiss the complaint. (Doc. No. 50.) Plaintiff Bryant Kroll ("Kroll") filed a response in opposition. (Doc. No. 55.) The News Channel 5 Defendants filed a reply. (Doc. No. 60.) For the reasons that follow, the News Channel 5 Defendants' motion to stay discovery is denied.

The News Channel 5 Defendants argue that discovery should be stayed because their motion to dismiss "will likely result in the dismissal of some if not all of [Kroll's] claims; (2) a stay will avoid the unnecessary and highly burdensome expenditure of litigant and judicial resources; and (3) a stay will not prejudice [Kroll] but will surely prejudice the NewsChannel 5 Defendants." (Doc. No. 50 at 10.) Kroll argues that discovery should not be stayed because the News Channel 5 Defendants failed to meet and confer prior to filing the motion, they have failed to establish good cause for the stay, and Kroll will be prejudiced by the stay of discovery. (Doc. No. 55.)

"The trial court is afforded broad discretion in order to control and dictate the sequence of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citation omitted). The case management order clearly states that "[d]iscovery is not stayed during dispositive or other motions, unless ordered by the Court." (Doc. No. 45 at 6.) The Local Rules provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court . . . ." LR 16.01(g). The case law supports the Court's order and the Local Rule. *See Collabera, Inc.*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) ("[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery") (internal quotation marks and citation omitted); *see also Tarazi v. Oshry*, No. 2:10-CV-793, 2011 WL 1437052, at *1 (S.D. Ohio Apr. 12, 2011) ("[A] motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally deemed an insufficient ground for staying discovery.") (citations omitted). Ultimately, the Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery and take into account any societal interests which are implicated by either proceeding or postponing discovery." *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (cleaned up). The Court must "tread carefully" when granting a motion to stay "because every party has a right to a determination of its rights and liabilities without undue delay." *Arnold v. Parades*, No. 3:23-CV-00545, 2023 WL 12260534, at *2 (M.D. Tenn. Oct. 24, 2023) (internal quotation marks and citation omitted).

First, the Court is not inclined to deny the motion based upon the failure of the News Channel 5 Defendants to meet and confer. The parties' positions were made clear at the initial case

management conference such that further conference on the issue would have been futile. Thus, the Court will address the merits of the News Channel 5 Defendants' motion.

A stay of discovery is not warranted. The News Channel 5 Defendants have failed to identify any particular discovery requests that have been propounded on them that would be unduly burdensome to answer. Instead, they argue that "the very nature of this litigation [] establishes the required good cause." (Doc. No. 60 at 5.) The Court disagrees. Likewise, the motion to dismiss is a "garden-variety" Rule 12(b)(6) motion. *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) ("[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."). Without expressing any opinions as to the merits of the News Channel 5 Defendants' dispositive motion, the parties' briefing and arguments at first glance do not suggest such a patent lack of merit that the claims against them will almost certainly be dismissed. Therefore, discovery will not be stayed.[1]

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

[1] According to the parties' Status Report, no discovery has been served because they are waiting for the Court to rule on this motion. (Doc. No. 61.) The Court reminds the parties that neither the filing of a dispositive motion nor the filing of a motion for a stay relieves their obligation to promptly engage in discovery. *See* LR 16.01(g). Having settled the question, the parties are ordered to immediately begin discovery and move this case along.