UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYANT KROLL,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MILLERSVILLE, et al.,<br><br>Defendants. | Case No. 3:25-cv-01461<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is a second motion by Defendants Phil Williams, Levi Ismail, and Scripps Media, Inc. ("News Channel 5 Defendants") to stay discovery pending the outcome of their motion to dismiss the complaint. (Doc. No. 63.) Plaintiff Bryant Kroll ("Kroll") filed a response in opposition. (Doc. No. 65.) The News Channel 5 Defendants filed a reply. (Doc. No. 67.) The News Channel 5 Defendants filed a sur-reply. (Doc. No. 76.) For the reasons that follow, the News Channel 5 Defendants' second motion to stay discovery is Denied.

On September 10, 2026, the Court denied the News Channel Five Defendant's motion to stay discovery in part because they "failed to identify any particular discovery requests that have been propounded on them that would be unduly burdensome to answer." (Doc No. 62 at 3.) The Court also found that the pending "garden variety" Rule 12(b)(6) motion did not warrant a stay. *(Id.)*

On September 30, 2026, the News Channel 5 Defendants filed another motion to stay. (Doc. No. 63.) They claim that circumstances have changed such that the Court should abandon its initial order and stay discovery. (*Id.*) The News Channel 5 Defendants proffer the following facts in support of their changed circumstances:

> Plaintiff has now propounded a staggering 102 pages of written discovery requests. These 383 individual requests—which include 75 Interrogatories, 175 Requests for Admission, and 133 Requests for Production—would be annoying, oppressive, and unduly burdensome and expensive to answer because they seek: (1) privileged information concerning the NewsChannel 5 Defendants' confidential sources; (2) irrelevant information intended to harass; and/or (3) information concerning the Related Cases, where there has not yet been any initial case management conference (and thus no discovery).

(Doc. No. 63 at 5.) In their sur-reply, the News Channel 5 Defendants also assert that Plaintiff has served multiple third-party subpoenas to the TBI and to three TBI agents. (Doc. No. 76 at 2.) The News Channel 5 Defendants assert that "[t]hese subpoenas—which span 39 pages and appear to be AI-generated—seek impossibly broad categories of information and documents from the TBI and three TBI Agents (Salvey, McGowen, and Scarbro)" (*Id.*) "Defendants have objected to these third-party subpoenas because they seek information that is privileged, irrelevant, and has nothing to do with this lawsuit." (*Id.*)

Kroll opposes the stay arguing that the News Channel 5 Defendants have failed to establish good cause. (Doc. No. 65.) Instead, Kroll argues that any disputes regarding his discovery requests are more appropriately addressed through the normal discovery dispute process. (*Id.*)

"The trial court is afforded broad discretion in order to control and dictate the sequence of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citation omitted). The case management order clearly states that "[d]iscovery is not stayed during dispositive or other motions, unless ordered by the Court." (Doc. No. 45 at 6.) The Local Rules provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court . . . ." LR 16.01(g). The case law supports the Court's order and the Local Rule. *See Collabera,* 2021 WL 6496801, at *1 ("[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery") (internal quotation marks

and citation omitted); *see also Tarazi v. Oshry*, No. 2:10-CV-793, 2011 WL 1437052, at *1 (S.D. Ohio Apr. 12, 2011) ("[A] motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally deemed an insufficient ground for staying discovery.") (citations omitted). Ultimately, the Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery and take into account any societal interests which are implicated by either proceeding or postponing discovery." *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (cleaned up); *see Hi-Vac Corp. v. Coley,* No. 2:23-CV-4184, 2025 WL 1936660, at *3 (S.D. Ohio July 15, 2025) ("At bottom, a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.") (citation and internal quotations omitted). The Court must "tread carefully" when granting a motion to stay "because every party has a right to a determination of its rights and liabilities without undue delay." *Arnold v. Parades*, No. 3:23-CV-00545, 2023 WL 12260534, at *2 (M.D. Tenn. Oct. 24, 2023) (internal quotation marks and citation omitted).

The Court will not vacate its original finding that the pending Rule 12(b)(6) motion does not warrant a stay of discovery. (Doc. No. 62.) *See Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010) ("[T]he primary basis for the requested stay, the pendency of a potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery.").

The Court will, however, address the News Channel 5 Defendants' claim of changed circumstances based upon the discovery propounded by Kroll. In summary, they claim that

discovery should be completely stayed based on the volume and nature of the written discovery propounded by Plaintiff and his issuance of third-party subpoenas. These facts fail to justify the delay in proceedings that would be caused by a stay. *See Ohio ex rel. Yost v. Jones*, No. 2:22-CV-2700, 2024 WL 5307135, at *4 (S.D. Ohio Dec. 17, 2024) (noting that "conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case.") (internal quotation marks and citations omitted). Both parties have a right to proceed without undue delay, and a blanket stay would offend that right. The parties are ordered to proceed with discovery. Any specific objections to discovery are more appropriately addressed through the rules governing discovery as set forth in the Federal Rules of Civil Procedure, this Court's Local Rules, and the parties' case management order.

For these reasons, the News Channel 5 Defendants' second motion to stay discovery (Doc. No. 63) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge