UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYANT KROLL,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MILLERSVILLE, et al.,<br><br>Defendants. | Case No. 3:25-cv-01461<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On November 24, 2026, defendants Phil Williams, Levi Ismail, and Scripps Media, Inc. (the Media Defendants) filed a discovery dispute statement in accordance with a prior order of the Court. (Doc. No. 79.) In their statement, the Media Defendants described how they and defendants the City of Millersville, Tennessee; Dustin Darnall; Jesse Powell; David Gregory; and Cristina Templet (the Millersville Defendants) attempted to meet and confer with plaintiff to prepare a joint discovery dispute statement. Among other issues, the Media Defendants and the Millersville Defendants submitted statements for the joint submission that totaled two pages in length, while plaintiff submitted multiple draft statements that ran a total of nearly 60 pages in length; that appeared to have been generated with artificial intelligence; and that included hundreds of pages of exhibits. (Doc. No. 79 at 2–3.) The Media Defendants asserted that they will seek expedited review from the District Judge of the most recent denial of their motion for a stay of discovery (Doc. No. 77).

The Court under Rule 26(b) has broad authority to limit discovery to what is proportional to the needs of the case. *See, e.g., Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citations omitted); *accord, e.g., Ensing v. Sephora USA, Inc.*, No. 3:21-CV-

00421, 2021 WL 6496870, at *2 (M.D. Tenn. Oct. 22, 2021) ("The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the Rules."). Accordingly, the Court will set limits on the volume of discovery in this case as follows:

1) Plaintiff is limited to a cumulative total of 50 interrogatories, 50 requests for production, and 50 requests for admissions across all defendants. To the extent that plaintiff has served any discovery requests already, defendants are excused from responding to them. Plaintiff will have to serve new discovery requests.

2) The Media Defendants are limited to a cumulative total of 50 interrogatories, 50 requests for production, and 50 requests for admissions that can be served on plaintiff.

3) The Millersville Defendants are limited to a cumulative total of 50 interrogatories, 50 requests for production, and 50 requests for admissions that can be served on plaintiff.

4) Any party that seeks to exceed the limits described above must obtain leave of court through a filed motion that identifies the proposed additional requests and explains their relevance.

5) Other than the limits described above, the initial case management order (Doc. No. 45) remains in effect in all respects.

6) The discovery dispute conference currently scheduled for November 30, 2026 at 10:00 AM remains scheduled as is.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge